IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CHRISTINA K. CANTRELL,** | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | |
| | § | **CIVIL ACTION NO. _____** |
| **SUSSEX INSURANCE COMPANY** | § | |
| **F/K/A COMPANION PROPERTY &** | § | |
| **CASUALTY INSURANCE COMPANY** | § | |
| **and TORY WARREN,** | § | |
| *Defendants*. | § | |

## DEFENDANT SUSSEX INSURANCE COMPANY F/KA COMPANION PROPERTY & CASUALTY INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant Sussex Insurance Company F/K/A Companion Property & Casualty Insurance Company ("SIC") files its Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 as follows:

### I.      PROCEDURAL BACKGROUND

1.      On July 22, 2016, Plaintiff Christina K. Cantrell filed her Original Petition and initiated an action identifying SIC and Tory Warren as Defendants in the 190th Judicial District Court of Harris County, Texas (the "State Court Action").[1]

2.      On August 9, 2016, SIC was served with a copy of a Citation and Plaintiff's Original Petition alleging that SIC breached the insurance agreement and violated several sections of the Texas Insurance Code and Deceptive Trade Practices Act.[2] On August 8, 2016,

---

[1]      Ex. C, Pl.'s Original Pet., July 22, 2016.

[2]      Ex. D, SIC Service Aff., Aug. 11, 2016.

Warren was served with a copy of a Citation and Plaintiff's Original Petition alleging that he violated several sections of the Texas Insurance Code and Deceptive Trade Practices Act.[3]

3.      On September 2, 2016, SIC and Warren (collectively "Defendants") filed their Original Answer, General Denial and Affirmative Defenses.[4] Defendant SIC timely filed a Notice of Removal in the State Court Action on September 8, 2016. As such, SIC removes this lawsuit within the thirty-day guideline of the removal statute.[5] The undersigned also represents Mr. Warren, and he does not oppose SIC's removal.

## II.      NATURE OF SUIT

4.      Plaintiff's Original Petition alleges no specific facts other than "on or about April 19, 2015, Plaintiff experienced a storm event which caused damage to the Property and constituted a covered loss under the Policy issued by Defendant Sussex."[6] Following that storm, Plaintiff filed a homeowners' insurance claim with SIC. Plaintiff alleges Defendants wrongfully underpaid and refused to issue a full and fair payment.[7] According to Plaintiff's Original Petition, Warren, the adjuster assigned by SIC to handle the claim, failed to "conduct a reasonable investigation" and improperly valued Plaintiff's claim resulting in "the denial of Plaintiff's claim."[8]

5.      For these claims, Plaintiff seeks actual damages, mental anguish damages, court costs, punitive and exemplary damages and attorney's fees. Also, Plaintiff alleges that

---

[3]     Ex. E, Warren Service Aff., Aug. 18, 2016.

[4]     Ex. F, Defs.' Original Answer, Sept. 2, 2016.

[5]     28 U.S.C. § 1446(b).

[6]     Ex. C ¶ 11.

[7]     *Id.* at ¶¶ 11-13, 16.

[8]     *Id.* at ¶ 12.

Defendants knowingly violated the Texas Insurance Code and seeks three times her actual damages.

### III.     BASIS FOR REMOVAL

6.     This Court has original jurisdiction under 28 U.S.C. § 1332 over this civil action. The action may be removed by SIC pursuant to 28 U.S.C. § 1441(b) because this is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7.     At the time this action commenced, Plaintiff was and still is a citizen of the State of Texas.[9]

8.     At the time this civil action commenced, SIC was and still is a citizen of the State of South Carolina. SIC is incorporated in South Carolina and maintains its principal place of business there as well, making SIC a citizen and resident of the state of South Carolina for diversity purposes.[10]

9.     When determining the possibility of recovery under state law, the court conducts "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[11]  Under the Federal Rules, adequate pleading "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"[12] "'Factual allegations must be

---

[9]     *Id.* at ¶ 2.

[10]    *See Royal Ins. Co. of Am. v. Quinn-L Capital Corp*., 3 F.3d 877, 882 (5th Cir. 1993).

[11]    *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (citing *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 334 (5th Cir. 2004); *Parks v. N.Y. Times, Co.,* 308 F.2d 474, 478 (5th Cir. 1962)).

[12]    *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007) (citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)).

enough to raise a right to relief above the speculative level.'"[13] Furthermore, the heightened pleading requirement of Rule 9(b) applies with full-force to claims sounding in fraud under the Texas Insurance Code and applies to all claims where the gravamen of the claim is fraud even if the theory supporting the claim is not technically termed fraud.[14] A plaintiff is required to plead the "'who, what, when, where, and how'" of the alleged fraud in order to state a claim for any type of fraud.[15] "The Fifth Circuit interprets Rule 9(b) to require 'specificity as to the statements (or omissions) considered to be fraudulent, the speaker, when and why the statements were made, and an explanation of why they were fraudulent.'"[16]

      10.    In this matter, Plaintiff fails to allege any specific facts that establish a valid cause of action against Warren. Although Warren is a Texas citizen and resident, Plaintiff has not asserted a single allegation of any act performed by Warren himself that could give rise to any potential liability. For instance, there are no specific factual allegations as to when and whether Plaintiff submitted information necessary to process the claim, when Defendants inspected the property, how Defendants made an alleged underpayment, what misrepresentations were allegedly made by Defendants, what damages were or were not covered by the Policy, and what explanation Defendants did or did not provide. Instead, Plaintiff recites a few sentences of vague

---

[13]   *Hayden v. Allstate Tex. Lloyds*, CIV. A. H.-10-646, 2011 WL 240388, at *6 (S.D. Tex. Jan. 20, 2011) (quoting *Twombly*, 550 U.S. at 545).

[14]   *See SHS Inv. v. Nationwide Mut. Ins. Co.*, 798 F. Supp. 2d 811, 819-21 (S.D. Tex. 2011) (noting that claims alleging violations of the Texas Insurance Code and the Deceptive Trade Practices Act are subject to the requirements of Rule 9 and granting leave to amend complaint for failure to satisfy Rule 9(b)); *Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009) (dismissing plaintiffs' actions alleging claims under Chapter 541 and DTPA for failure to satisfy Rule 9(b)); *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998) (noting that claims alleging violations of the Texas Insurance Code and the DTPA are subject to the requirements of Rule 9(b)).

[15]   *U.S. ex rel. Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005) (quoting *U.S. ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)).

[16]   *Medistar Twelve Oaks Partners, Ltd. v. Am. Econ. Ins. Co.*, CIV. A. H-09-3828, 2010 WL 1996596 *4 (S.D. Tex. May 17, 2010) (quoting *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

and form allegations regarding Warren as a Defendant.[17] Such generic allegations are insufficient to state a potential right to relief against Warren.[18] As a result, Warren has been improperly joined in an effort to defeat diversity of citizenship.

11.     A defendant may be disregarded as a party if the Court determines that their joinder is an improper device to defeat diversity jurisdiction and prevent removal.[19] "'[T]he presence of an improperly joined, non-diverse defendant does not defeat federal jurisdiction premised on diversity.'"[20] Conclusive or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show the defendant was properly joined.[21]

12.     There is no reasonable basis for this Court to predict that Plaintiff might be able to recover against Warren. Therefore, his presence should be disregarded in determining diversity jurisdiction, and he should be dismissed. Because Plaintiff is a citizen of Texas, SIC is a citizen of South Carolina and Warren has been improperly joined, complete diversity of citizenship exists among the parties.

13.     In Plaintiff's Original Petition, she seeks damages "between $100,000 and $200,000, excluding interest and costs[.]"[22] This is an insurance "bad faith" case where Plaintiff seeks damages for Defendants' alleged underpayment of insurance benefits and wrongful handling of Plaintiff's claim resulting from a storm. Plaintiff seeks actual damages, attorney's fees, court costs and statutory penalties under the Texas Insurance Code.[23] Plaintiff further

---

[17]   Ex. C ¶ 12.

[18]   *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 701-02 (5th Cir. 1999).

[19]   *See Gonzales v. Homeland Ins. Co. of N.Y.*, CIV. A. H-11-123, 2011 WL 3104104, at *2 (S.D. Tex. July 25, 2011).

[20]   *Id.* (quoting *Borden v. Allstate Ins. Co.,* 589 F.3d 168, 171 (5th Cir. 2009)).

[21]   *Badon v. RJR Nabisco, Inc.,* 224 F.3d 382, 392-93 (5th Cir. 2000).

[22]   Ex. C ¶ 5.

[23]   *Id.* at ¶¶ 56-61.

alleges that Defendants knowingly violated the Texas Insurance Code and DTPA, and seeks exemplary, punitive and treble damages.[24] Given the nature of Plaintiff's claims against Defendants, the alleged damages in this action exceed $75,000 exclusive of interest and costs.[25] Because the amount in controversy exceeds $75,000, this Court has subject matter jurisdiction under 28 U.S.C. § 1332, and this removal is proper.

14.     Pursuant to 28 U.S.C. § 1446(a), SIC has filed with this Notice of Removal a complete copy of the State Court's file, including copies of all process, pleadings, orders and docket sheet in the State Court Action as identified on the Index of Matters Being Filed.[26] A copy of the Docket Sheet in the State Court Action is attached as Exhibit B.[27]

15.     Pursuant to 28 U.S.C. § 1446(d), SIC has notified the clerk of the court in the State Court Action of this removal, and given notice thereof to all adverse parties.

### IV.     CONCLUSION

16.     The basis for this removal and this Court's jurisdiction is diversity of citizenship.[28] Plaintiff is a citizen of Texas. SIC is a citizen of South Carolina.  Warren has been improperly joined, and his citizenship should be disregarded.  The amount in controversy, based on the allegations in Plaintiff's Original Petition and the evidence tendered by SIC, exceeds $75,000, exclusive of interest and costs. As such, this removal action is proper. On these grounds, SIC hereby removes the referenced State Court Action to this Court. Warren does not oppose removal.

---

[24]   *Id.* at ¶¶ 57, 60.

[25]   *See Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155-56 (S.D. Tex. 1994).

[26]   Ex. A, Index of Matters Being Filed, Sept. 8, 2016.

[27]   Ex. B, State Court Action Docket Sheet, Sept. 8, 2016.

[28]   28 U.S.C. §1332.

## PRAYER

WHEREFORE, SIC respectfully requests that the State Court Action be removed from the 190th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

By: /s/ David D. Disiere
    David D. Disiere
    Federal I.D. No. 24430
    State Bar No. 00785356
    E-Mail: disiere@mdjwlaw.com
808 Travis Street, 20th Floor
Houston, Texas 77002
Telephone:  (713) 632-1700
Facsimile:  (713) 222-0101
**ATTORNEY-IN-CHARGE**
**FOR DEFENDANTS**

**OF COUNSEL:**
W. Shane Osborn
Federal I.D. No. 1128026
State Bar No. 24068343
E-Mail: osborn@mdjwlaw.com
Nichole Wooten
Federal I.D. No. 1447792
State Bar No. 24070880
E-Mail: wooten@mdjwlaw.com
Martin, Disiere, Jefferson & Wisdom, L.L.P.
808 Travis, Suite 1800
Houston, Texas 77002
Telephone:  (713) 632-1700
Facsimile:    (713) 222-0101

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing has been forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure, by CM/ECF filing and email, on September 8, 2016.

***<u>Via E-Service & Email</u>***
Daniel Barton
dbarton@bartonlawgroup.com
Wayne D. Collins
wcollins@bartonlawgroup.com

*/s/ W. Shane Osborn* _____
W. Shane Osborn