# Exhibit C

Case 4:16-cv-02723   Document 1-3   Filed in TXSD on 09/08/16   Page 2 of 16

7/22/2016 3:21:01 PM
Chris Daniel - District Clerk Harris County
Envelope No. 11784658
By: Nelson Cuero
Filed: 7/22/2016 3:21:01 PM

2016-48640 / Court: 190

CAUSE NO. _____

| | | |
|---|---|---|
| CHRISTINA K. CANTRELL | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § | |
| | § | |
| V. | § | HARRIS COUNTY, TEXAS |
| | § | |
| SUSSEX INSURANCE COMPANY, F/K/A | § | |
| COMPANION PROPERTY & CASUALTY | § | |
| INSURANCE COMPANY AND | § | |
| TORY WARREN | § | |
| *Defendants.* | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Christina K. Cantrell ("Cantrell"), hereinafter referred to as Plaintiff, complaining of Sussex Insurance Company F/K/A Companion Property & Casualty Insurance Company ("Sussex") and Tory Warren ("Warren") (hereinafter collectively referred to as Defendants) and for cause of action would respectfully show unto this Honorable Court and Jury as follows:

### DISCOVERY CONTROL PLAN

1.  Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### PARTIES

2.  Plaintiff is a resident of Harris County, Texas.

3. Defendant, Sussex, is a foreign insurance company engaging in the business of insurance in the State of Texas. This Defendant may be served with process by serving its registered agent for service: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Plaintiff requests service at this time.

4. Defendant Tory Warren is an individual residing in Tarrant County, Texas and may be served with process at the following address: 6801 Calmont Ave., Fort Worth, Texas 76116. Plaintiff requests service at this time.

## JURISDICTION

5. Plaintiff stipulates that the damages in this matter are between $100,000 and $200,000, excluding interest and costs, and that the damages are within the jurisdictional limits of the court. Plaintiff contends that the determination of damages is within the sole discretion of the Judge and Jury, but makes this required stipulation under TRCP 47.

6. The court has jurisdiction over Defendant Sussex because this Defendant is an insurance company that engages in the business of insurance in the State of Texas and causes of action arise out of this Defendant's business activities in the State of Texas.

7. The court has jurisdiction over Defendant Warren because this Defendant engages in the business of adjusting insurance claims in the State of Texas and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

## VENUE

8. Venue is proper in Harris County, Texas, because the insured's property is situated in Harris County, Texas. TEX.CIV.PRAC.REM.CODE§15.032.

Certified Document Number: 71182384 - Page 2 of 14

## FACTS

9. Plaintiff is the owner of a homeowners' insurance policy (hereinafter referred to as "the Policy"), which was issued by Defendant Sussex Insurance Company f/k/a Companion Property and Casualty Insurance Company. Plaintiff owns the insured property, which is specifically located at 11810 Westwold Dr., Tomball, Texas 77377. (hereinafter referred to as "the Property").

10. Defendant Sussex sold the Policy insuring the Property to Plaintiff.

11. On or about April 19, 2015, Plaintiff experienced a storm event which caused damage to the Property and constituted a covered loss under the Policy issued by Defendant Sussex. Plaintiff subsequently opened a claim and Defendant Sussex assigned Defendant Warren to adjust the claim. Defendant Sussex wrongfully underpaid Plaintiff's claim and refused to issue a full and fair payment for the loss.

12. Defendant Warren made numerous errors in estimating the value of Plaintiff's claim, all of which were designed to intentionally minimize and underpay the loss incurred by Plaintiff. Specifically, Defendant Warren failed to conduct a reasonable investigation and did not have adequate evidence to support the denial of Plaintiff's claim. As a result of Defendant Edmond's conduct, Plaintiff's claim was denied.

13. Defendant Sussex failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policies in effect during Plaintiff's loss. Specifically, Defendant refused to pay the full proceeds owed under the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy in question had been carried out

and accomplished by Plaintiff. Defendant Sussex's conduct constitutes a breach of the insurance contract between Defendant Sussex and Plaintiff.

14. Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(1).

15. Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(2)(a).

16. Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(3).

17. Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(4).

Certified Document Number: 71182384 - Page 4 of 14

18. Defendants refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's loss on the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(7).

19. Defendant Sussex failed to meet its obligations under the Texas Insurance Code regarding the timely acknowledgement of Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Defendant State Farm' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.INS.CODE §542.055.

20. Defendant Sussex failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. Defendant Sussex's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.INS.CODE §542.056.

21. Defendant Sussex failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, Defendant Sussex has delayed full payment of Plaintiff's claim longer than allowed and, to date Plaintiff has not yet received full payment for their claim. Defendant Sussex's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.INS.CODE §541.058.

Certified Document Number: 71182384 - Page 5 of 14

22. From and after the time Plaintiff's claim was presented to Defendant Sussex, the liability of Defendant Sussex to pay the full claim in accordance with the terms of the Policy was reasonably clear.  However, Defendant Sussex has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny the full payment.  Defendant Sussex's conduct constitutes a breach of the common law duty of good faith and fair dealing.

23. Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed material information from Plaintiff.

24. As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the law firm who is representing them with respect to these causes of action.

25. Plaintiff's experience regarding their claim with Defendant Sussex is not an isolated case. The acts and omissions Defendant Sussex committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant Sussex with regard to handling these types of claims.  Defendant Sussex's entire process is unfairly designed to reach favorable outcomes for the insurance companies at the expense of the policyholders.

## CAUSES OF ACTION

### CAUSES OF ACTION AGAINST DEFENDANT WARREN

#### TEXAS INSURANCE CODE VIOLATIONS

26. Defendant Warren's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX.INS.CODE §541.060(a).  All violations under this article are made actionable by TEX.INS.CODE §541.151.

27. Defendant Warren is individually liable for her unfair and deceptive acts, irrespective of the fact she was acting on behalf of Defendant Sussex, because individually, she meets the definition of a "person" as defined by TEX.INS.CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." TEX.INS.CODE §541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 484 (Tex.1998)(holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

28. Defendant Warren's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

29. Defendant Warren's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

30. The unfair settlement practice of Defendant Warren as described above, of failing to promptly provide the Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of

Certified Document Number: 71182384 - Page 7 of 14

Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

31. Defendant Warren's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

32. Defendant Warren's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

## FRAUD

33. Defendant Warren is liable to Plaintiff for common law fraud.

34. Each and every one of the representations, as described above, concerned material facts for the reason Plaintiff would not have acted and which Defendant Warren knew were false or made recklessly without any knowledge of their truth as a positive assertion.

35. The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury, which constitutes common law fraud.

## CAUSES OF ACTION AGAINST DEFENDANT SUSSEX

36. Defendant Sussex is liable to Plaintiff for intentional breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of the common law duty of good faith and fair dealing.

## BREACH OF CONTRACT

37. Defendant Sussex's conduct constitutes a breach of the insurance contract made between Defendant Sussex and Plaintiff.

38. Defendant Sussex's failure and refusal, as described above, to pay the adequate compensation it is obligated to pay under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant Sussex's insurance contract with Plaintiff.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

39. Defendant Sussex's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a). All violations under this article are made actionable by TEX.INS.CODE §541.151.

40. Defendant Sussex's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(1).

41. Defendant Sussex's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Defendant Sussex's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(2)(A).

42. Defendant Sussex's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes

an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(3).

43. Defendant Sussex's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(4).

44. Defendant Sussex's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX.INS.CODE §541.060(7).

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

45. Defendant Sussex's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX.INS.CODE §542.060.

46. Defendant Sussex's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that they reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of the TEX.INS.CODE §541.055.

47. Defendant Sussex's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the

Certified Document Number: 71182384 - Page 10 of 14

claims within the applicable time constraints and a violation of the TEX.INS.CODE §541.056.

48. Defendant Sussex's delay of the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided for, as described above, constitutes a non-prompt payment of the claims. TEX.INS.CODE §541.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

49. Defendant Sussex's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insured in insurance contracts.

50. Defendant Sussex's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, Defendant Sussex knew or should have known by the exercise of reasonable diligence that its liability was reasonable clear, constitutes a breach of the duty of good faith and fair dealing.

## FRAUD

51. Defendant Sussex is liable to Plaintiff for common law fraud.

52. Each and every one of the representations, as described above, concerned material facts for the reason Plaintiff would not have acted and which Sussex knew were false or made recklessly without any knowledge of their truth as a positive assertion.

53. The statements were made with the intention that they should be acted upon by Plaintiff, who in turn acted in reliance upon the statements, thereby causing Plaintiff to suffer injury, which constitutes common law fraud.

Certified Document Number: 71182384 - Page 11 of 14

### KNOWLEDGE

54. Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

### DAMAGES

55. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

56. For breach of contract, Plaintiff is entitled to regain the benefit of its bargain, which is the amount of its claim, together with attorney fees.

57. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times their actual damages. TEX.INS.CODE §541.152.

58. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of their claim, as well as eighteen (18) percent interest per annum of the amount of their claim as damages, together with attorney's fees. TEX.INS.CODE §542.060.

59. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional distress.

60. For fraud, Plaintiff is entitled to recover actual damages and exemplary damages for knowing fraudulent and malicious representations, along with attorney's fees, interest and court costs.

61. For the prosecution and collection of these claims, Plaintiff has been compelled to engage the services of the law firm whose name is subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

62. Plaintiff hereby requests that all causes of actions alleged herein be tried before a jury consisting of citizens residing in Fort Bend County, Texas.  Plaintiff hereby tenders the appropriate jury fee.

## REQUEST FOR DISCLOSURE

63. Pursuant to Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose the information or material described in Rule 194.2.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, said Plaintiff has and recover such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages, treble damages under the Texas Insurance Code and all punitive and exemplary damages as may be found.  In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for pre-judgment and post-judgment interest as allowed

Certified Document Number: 71182384 - Page 13 of 14

by law, statutory penalties and interest, and for any other and further relief, either at law or in equity, to which Plaintiff may show itself to be justly entitled.

        Respectfully submitted,

By:   */s/ Daniel P. Barton*
      DANIEL P. BARTON
      State Bar No.: 00789774
      WAYNE D. COLLINS
      State Bar No.: 00796384
      1201 Shepherd Drive
      Houston, Texas 77007
      (713) 227-4747- Telephone
      (713) 621-5900- Telecopier
      dbarton@bartonlawgroup.com
      wcollins@bartonlawgroup.com

      **ATTORNEYS FOR PLAINTIFF**

Certified Document Number: 71182384 - Page 14 of 14



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   September 6, 2016

Certified Document Number:        71182384 Total Pages:  14

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**